953 So.2d 1057 (2007)
STATE of Louisiana, Applicant,
v.
Travis DEEN, Respondent.
No. 42,403-KW.
Court of Appeal of Louisiana, Second Circuit.
April 27, 2007.
Hugh Cameron Murray, for Respondent.
Jerry L. Jones, District Attorney, Neal Glen Johnson, Assistant District Attorney, for Applicant.
Before BROWN, WILLIAMS and DREW, JJ.
*1058 WRIT GRANTED.
For a brutal assault upon his stepsister, defendant Travis Deen was charged by bill of information with the following crimes:
 attempted second degree murder,
 obstruction of justice, and
 conspiracy to commit obstruction of justice.
Defendant filed a motion to suppress, arguing that his custodial confession should be suppressed because law officers violated his right to remain silent during a lengthy (over three-hour) interrogation on May 29, 2006. The alleged Fifth Amendment violation occurred during less than a one-minute span, as Deen was being interrogated by Detectives Travis and Holmes.
It is undisputed that Deen was administered and waived his rights as per Miranda. No force or duress was claimed.
The video tape of the interview with the defendant begins at 19:50:31 and ends at 23:17:54. The one critical exchange occurred at the 20:11:10 point of the recorded video interview:
Defendant: At this point, are you implying that I've done it?
Det. Travis: Well there's a lot of questions that's been raised here off what you're saying and what we've been told.
Defendant: Okay, if you're implying that I've done it, I wish to not say any more. I'd like to be done with this. Cause that's just ridiculous. I wish I'd . . . don't wish to answer any more questions.
Det. Travis: Okay, well if you didn't do it and you're wanting to try and catch who did, then wouldn't you want to say, hey, I didn't do it and I can prove that I didn't do it.
Defendant: I, uh . . . Going to the hot tub and coming back and finding her that doesn't prove that . . . ?
Det. Travis: That don't prove shit.
Defendant: Okay, I'll write this down. I did not do it and would love to find out who did it. I was not there when it happened . . . I came back after it happened and saw it and called 9-1-1.
The custodial interview continued well over two additional hours after this exchange, with the defendant eventually admitting that he inflicted the victim's grievous injuries by repeatedly striking her with a brick. The trial court granted the motion to suppress, predicated on its finding that defendant had invoked his right to remain silent during the custodial interrogation and that law enforcement officers did not "scrupulously honor" this request by halting the interrogation. In its writ application, the state argues that the defendant did not clearly and unambiguously invoke his right to remain silent. We agree.
In this right to remain silent case, we look for guidance to a recent right to counsel case from the Louisiana Supreme Court, State v. Payne, XXXX-XXXX (La.12/04/02), 833 So.2d 927. Ms. Payne, while in custody, asked: "May I call a lawyercan I call a lawyer?" The Louisiana Supreme Court held these inquiries insufficient to trigger the required cessation of questioning, pending her being supplied with counsel. We find Payne to be instructive here.
When seeking to introduce a statement made by a defendant during custodial interrogation, the state must prove two things. First, the state must affirmatively prove that the statement was voluntary and "not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." State v. Leger, XXXX-XXXX (La.07/10/06), 936 So.2d 108, cert. denied, ___ U.S. ___, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007). Second, the state *1059 must show that law enforcement officers advised the defendant of his Miranda rights and that he knowingly waived those rights. State v. Moseley, 587 So.2d 46 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1066 (La.1991), citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Here, the state presented evidence establishing that law enforcement officers explained the Miranda rights to Deen and that he signed a waiver of those rights. Detective Travis testified that no threats were made to defendant in order to get him to waive his Miranda rights. In fact, Deen has never alleged that any threats or improper inducements were made.
Even so, a defendant may invoke his Miranda rights at any time prior to or during questioning. State v. Leger, supra. We find here, however, that defendant's invocation of his right to remain silent was conditional.
In Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), the Supreme Court found that the assertion of the right to counsel must be clear and unambiguous. Although the United States Supreme Court has not yet issued an opinion indicating that this same standard applies to the invocation of the right to remain silent, there is substantial case law utilizing the Davis holding to find that the invocation of the right to remain silent must also be unambiguous and unequivocal in order to require the cessation of interrogation.
In Davis, supra, the Court stated that a defendant "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Ambiguous or equivocal references to counsel would not be sufficient to invoke the right to counsel under Miranda, supra.
Applying that standard to invoking the right to remain silent, the desire to remain silent must be communicated clearly so that a reasonable police officer in the circumstances would understand that the defendant is invoking his right to remain silent.
In State v. Robertson, XXXX-XXXX (La.03/04/98), 712 So.2d 8, cert. denied, 525 U.S. 882, 119 S.Ct. 190, 142 L.Ed.2d 155 (1998), the defendant argued that he asserted his right to remain silent with his response of "uh uh" to the question of "Ok Al, so you don't want to say no more about what happened over there at them old people's house." The Louisiana Supreme Court rejected that argument by analogizing the holding in Davis v. United States, supra, regarding the invocation of the right to counsel to the invocation of the right to remain silent.
Deen's conditional request to end the interrogation did not suggest a desire to end all questioning or to remain silent. What Deen said cannot plausibly be understood as a clear invocation of the right to cut off questioning in all respects. Because the defendant did not unequivocally invoke the right to remain silent during his questioning, it was permissible for Detective Travis to continue the questioning, which went on without any protest whatsoever.
The Third Circuit has relied upon Davis v. United States, supra, for holding that invocation of the right to remain silent must be unambiguous. In State v. Reed, XXXX-XXXX (La.App. 3d Cir.03/06/02), 809 So.2d 1261, writ denied, XXXX-XXXX (La.04/25/03), 842 So.2d 391, Reed told police that he would rather not give a statement at that time and that he would like to wait a couple of days, but he went on to confess after the police officer told defendant *1060 that he only wanted to hear his details and that it would be short. In Reed, supra, the Third Circuit cited both Davis v. United States, supra, and State v. Robertson, supra, for the proposition that defendant did not specifically invoke his right to remain silent. State v. Reed, supra.
In State v. Chesson, 2003-606 (La.App. 3d Cir.10/01/03), 856 So.2d 166, writ denied, 03-2913 (La.2/13/04), 867 So.2d 686, a police officer asked the defendant, "Are you telling me you don't want to talk to me any more, John?" To this, the defendant replied, "Not right now. Y'all tryin' to pressure this on me." The Third Circuit held that the defendant did not clearly invoke his right to silence. State v. Chesson, supra.
In the present case, the clear context of the interview indicates that the defendant said that he wished to stop the questioning if the detective believed him responsible for the attack on his sister. The defendant did not indicate that he no longer wanted to answer all questions under other circumstances, nor would a reasonable police officer have interpreted this ambiguous statement as a clear desire to invoke the right to remain silent and halt the proceedings.
After having reviewed the transcript of the suppression hearing and having viewed and listened to the lengthy video recording of the entire interview in question, we find that the trial court erred in suppressing defendant's custodial statement on account of a perceived violation of Deen's right to remain silent. Accordingly, this court finds that Deen's entire statement to Detectives Travis and Holmes was voluntary and admissible.
We therefore grant the state's writ, overrule the trial court, and remand the case for further proceedings.
WILLIAMS, J., dissents.